UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Duncan Smith,

        Plaintiff,

v.

Mains'l Services, Inc.,
a Minnesota Corporation,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Civ. No. 06-4172 ADM/AJB

---

Geraldine Carlen Steen, Esq., Beckman & Steen, Minnetonka, MN, argued on behalf of Plaintiff.

David W. Larson, Esq. and Pamela M. Harris, Esq., Martin & Squires, P.A., St. Paul, MN, argued on behalf of Defendant.

---

## I. INTRODUCTION

On January 16, 2007, oral argument before the undersigned United States District Judge was heard on Defendant Mains'l Services, Inc.'s ("Defendant") Motion for Summary Judgment and Dismissal for Failure to State a Claim [Docket No. 6]. In his Complaint [Docket No. 1], Plaintiff Duncan Smith ("Plaintiff") alleges claims for racial discrimination in violation of Title VII of the Civil Rights Act of 1964, and violation of the Equal Pay Act. For the reasons set forth herein, Defendant's Motion is denied.

## II. BACKGROUND

On or about January 20, 2005, Plaintiff filed a Charge of Discrimination with the City of St. Paul Department of Human Rights. Harris Aff. [Docket No. 10] Ex. A. In his Charge, Plaintiff states that he is "an African American man who has a White girlfriend who has worked for Respondent since January 19, 2002," and that he had overheard an African American employee state that she "did not like it when Black men dated White women." Id. Plaintiff also

states that during his job, he was "forced to take a pay cut," and discovered that he was being paid less than new employees.  Id.  When Plaintiff confronted his supervisor about his lower pay, he was told, "if you don't like it find another job."  Id.  Plaintiff's employment terminated on January 10, 2005.  Id.

On or about May 17, 2006, the U.S. Equal Employment Opportunity Commission Milwaukee Area Office ("EEOC") issued Plaintiff a Notice of Right to Sue letter ("first letter").  Harris Aff. Ex. C.  However, the first letter was incorrectly dated May 17, 2004.  Id.  In late June 2006, Plaintiff's counsel called the EEOC to inquire about the incorrect date on the first letter.  Lungstrom Aff. [Docket No. 22].  Plaintiff's counsel was told that a new Right to Sue letter would issue, and that the date of the second letter would be the date to rely on for setting the correct time by which Plaintiff must commence a lawsuit.  Id.  On June 26, 2006, the EEOC issued a second Notice of Right to Sue letter ("second letter").  Harris Aff. Ex. D.  On that same date, the EEOC also issued a Notice of Reconsideration of Determination, stating that the first letter was "revoked due to an administrative error in the date," and that the second letter "is the corrected document."  Id.  Plaintiff commenced this suit on September 27, 2006. Zirbes Aff. [Docket No. 9].

Counts one and two of Plaintiff's Complaint allege racial discrimination in violation of state law and a municipal ordinance, but Plaintiff conceded at oral argument that those two claims are barred by the applicable limitations periods.  Consequently, counts one and two of Plaintiff's Complaint are dismissed.

## III. DISCUSSION

**A.     Standard of Review**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880. "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to

relief." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

**B.      Equitable Tolling**

Defendant moves for summary judgment on Plaintiff's Title VII claim. Defendant argues that Plaintiff's claim is time barred because it was not filed within 90 days of receipt of the first letter from the EEOC. Defendant further argues that Plaintiff can not rely on the second letter for determining the appropriate time within which to commence suit. Defendant contends that the Notice of Reconsideration of Determination did not effectively revoke the first letter because the parties never received a Notice of Intent to Reconsider, and the EEOC did not actually reconsider Plaintiff's claim on the merits. Plaintiff does not dispute Defendant's contentions *per se*, but instead argues reliance on the EEOC's representations. Under the unusual circumstances of the misinformation from the EEOC, Plaintiff argues equitable tolling should apply.

A plaintiff has 90 days to institute a civil suit after receipt of notice from the EEOC that his charge has been dismissed or conciliation has failed. 42 U.S.C. § 2000e-5(f)(1); Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149 (1984). "[F]iling a timely charge with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). 29 C.F.R. § 1601.21(d) circumscribes a procedure by which EEOC Directors can reconsider a dismissal or cause determination. Directors are to issue a notice of intent to reconsider, which if "issued within 90 days from receipt of a notice of right to sue and the charging party has not filed suit . . . the notice of intent to reconsider will vacate the dismissal or letter of determination and revoke the notice of right to sue." 29 C.F.R. § 1601.21(d)(1). After reconsideration, the Director will issue a new determination and a new

right to sue letter, which will restart the 90 day period within which the plaintiff can file suit. Id.

Defendant urges this court to adopt the Eleventh Circuit's conclusion that a second right to sue letter is ineffective if it was issued only to correct a technical defect and not pursuant to actual reconsideration on the merits. See Santini v. Cleveland Clinic Fla., 232 F.3d 823, 825 (11th Cir. 2000); Gitlitz v. Compagnie Nationale Air France, 129 F.3d 554, 557 (11th Cir. 1997). In this case, it is apparent that the second letter was issued only because the first letter contained an obviously incorrect date, and no actual reconsideration on the merits occurred. The EEOC did not issue a proper notice of intent to reconsider and did not follow the procedures set forth in 29 C.F.R. § 1601.21(d). Accordingly, the first letter was not revoked and the second letter was ineffective to start the 90 day time period. Plaintiff's Complaint was not timely filed within 90 days of receipt of the first letter.

However, this conclusion does not end the analysis because Plaintiff maintains that equitable tolling should apply. "Equitable tolling is premised on the 'excusable neglect' of the filing party, and preserves a claim after the filing period has expired." Shempert v. Harwick Chem. Corp., 151 F.3d 793, 797 (8th Cir. 1998) (internal citation omitted). An illustrative list of circumstances justifying equitable tolling includes: "(1) a claimant has received inadequate notice; (2) a motion for appointment of counsel is pending; (3) the court has led the plaintiff to believe that he or she has done everything required of him or her; or (4) affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." Id. at 798 (citing Baldwin, 466 U.S. at 151). "[W]hen an administrative agency misleads a complainant, particularly one who is without the benefit of counsel, equitable tolling may be justified." Anderson v. Unisys Corp., 47 F.3d 302, 306 (8th Cir. 1995) (citing cases).

In this case, although Plaintiff was represented by counsel, Plaintiff's counsel relied on representations from the EEOC that the second letter controls the starting date for the time period by which to commence a lawsuit on behalf of Plaintiff. While Plaintiff's counsel could have filed Plaintiff's lawsuit earlier, Plaintiff's right to litigate the merits of his claim should not be harmed by reasonably relying on the incorrect representations of the EEOC. Equitable tolling is applied given the fact pattern of this case. Consequently, Plaintiff's Title VII claim is not time barred and may proceed.

**C.     Equal Pay Act Claim**

Defendant argues for dismissal of Plaintiff's Equal Pay Act claim on the basis that Plaintiff has failed to allege in his Complaint that he was paid less than similarly situated female employees, and that his position was "substantially equal" to the positions of more highly paid female employees. Plaintiff contends that the allegations in his Complaint concerning the inequity of pay between employees are sufficient under the Equal Pay Act because it is reasonable to infer that Defendant employs women, and that Plaintiff's skills and experience were equal to or greater than the skills and experience of new employees being trained by Plaintiff.

The Equal Pay Act prohibits employers from discriminating against their employees on the basis of sex by paying different wages to employees of opposite sexes "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1); see Horn v. Univ. of Minn., 362 F.3d 1042, 1045 (8th Cir. 2004). To state a claim under the Equal Pay Act, Plaintiff must allege that he was paid less than similarly situated females doing substantially equal jobs,

6

and failure to do so is grounds for dismissal of the claim.  See Simpson v. Merchs. & Planters Bank, 441 F.3d 572, 578 (8th Cir. 2006); Jones v. Boeing Co., 109 Fed. Appx. 821, 822 n.2 (8th Cir. 2004); Bass v. World Wrestling Fed'n Entm't, Inc., 129 F. Supp. 2d 491, 503 (E.D.N.Y. 2001) ("Even at the motion to dismiss stage, vague, conclusory, and speculative allegations will not save an Equal Pay Act claim.  A plaintiff must allege at least some facts to support contentions that her employer violated the EPA.").

In this case, Plaintiff's allegations that (1) his pay rate "was lower than that of many new employees," (2) "[s]imilarly situated employees of Defendant with comparable credentials, experience and training who were not dating Caucasian women were compensated at a rate which reflected their seniority and experience," and (3) Defendant paid "disparate and inadequate wages to Plaintiff, " are insufficient to support a claim under the Equal Pay Act.  Compl. ¶¶ VII, XIV, XXIX.  However, Plaintiff is allowed until January 31, 2007 to amend count four of his Complaint to allege facts sufficient to support an Equal Pay Act claim.  See Fed. R. Civ. P. 15(a).  An opportunity for Plaintiff to amend comports with the Pre-trial Scheduling Order [Docket No. 19] in this case, which allows for motions to amend the pleadings to be filed by January 31, 2007.

## IV. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Counts one and two of Plaintiff's Complaint [Docket No. 1] are **DISMISSED**;

2. Defendant's Motion for Summary Judgment and Dismissal for Failure to State a Claim [Docket No. 6] is **DENIED**; and

3. Plaintiff may amend count four of his Complaint by January 31, 2007.

BY THE COURT:


     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 19, 2007.